UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES EDWARD JONES, III,<br><br>  Plaintiff,<br><br>v.<br><br>C. PFEIFFER, *et al.*,<br><br>  Defendants. | Case No. 1:18-cv-01189-LJO-JDP<br><br>SCREENING ORDER<br><br>ORDER GRANTING MOTION TO FILE FIRST AMENDED COMPLAINT DUE IN THIRTY DAYS<br><br>ECF Nos. 1, 11 |

Plaintiff is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff's complaint, filed August 31, 2018, is before the court for screening under 28 U.S.C. § 1915A. Plaintiff's motion to file a supplemental complaint, filed January 2, 2019, is also before the court. Plaintiff alleges that he was improperly housed on a restrictive level of the prison facility. In his motion to supplement, plaintiff seeks to add allegations of sexual harassment. The court has screened plaintiff's complaint and finds that it fails to state a claim. We will give plaintiff leave to file an amended complaint within thirty days.

As an initial matter, we consider plaintiff's motion to file a supplemental complaint in which he seeks to add claims to his original complaint. For good cause shown, and for the sake of judicial economy, we grant plaintiff's motion and consider his supplemental pleading together

with his complaint for the purposes of screening. *See* Fed. R. Civ. P. 1, 15. As discussed below, plaintiff has failed to state a claim and will be given the opportunity to amend his complaint. Plaintiff's first amended complaint must be complete and contain all relevant information as to all claims, both original and supplemental, in one filing.

## I.     STATEMENT OF FACTS[1]

Plaintiff was a prisoner at Kern Valley State Prison ("KVSP") during the relevant time. *See* ECF No. 1 at 4. Defendant Pfeiffer was the warden and chief executive officer of KVSP. *Id.* at 11. Defendant Hernandez was a correctional counselor and captain at KVSP. *Id.* Defendants Hamilton and Gebremedhin were correctional counselors at KVSP. *Id.*

Plaintiff was "improperly housed on a level IV 180 design facility" when he was "a level 1 inmate inconsistent with a level IV 180 design facility." *Id.* at 12. When plaintiff arrived at KVSP in April 2018, he was subjected to: "(1) five showers; (2) no yard or recreation; (3) no day room; (4) no phone calls to family; (5) no access to law library; (6) no participation in any religious programs." *Id.* (punctuation altered). On April 26, 2018, plaintiff's classification was reviewed by a committee including defendants Hamilton and Hernandez. *Id.* Defendant "Hamilton decided that [plaintiff would] continue to be housed on a level IV 180 design facility" after reviewing plaintiff's record of past offenses. *Id.* Defendant Hernandez "agreed to this decision." *Id.* at 13.

After that decision, plaintiff continued to be "improperly housed on A yard level IV 180 design facility" through June 2018. *Id.* Plaintiff was subjected to:

> (1) 24 hour lockdowns in a 2 man cell; (2) fed in a 2 man cell daily; (3) one or two showers a week; (4) one hour of yard or day room weekly when not on lockdown from level IV inmates assaulting staff or other level IV inmates; (5) no phone calls to family; (6) no physical access to the law library even if proof of active cases are shown; only access allowed is when level 1 inmates are given one hour yard time . . . (7) denied by staff to practice and participate in religious programs conducted within the chapel located on a yard, due to level IV inmates utilizing the chapel; (8) denial of credits that will advance the complainants release date . . . .

*Id.* at 13-14 (punctuation altered). On June 26, 2018, defendant Gebremedhin "conducted another

---

[1] We draw the following facts from plaintiff's complaint, ECF No. 1, along with his motion to file a supplemental complaint, ECF No. 11, and accept them as true for screening purposes.

2

classification committee in regards of finding police reports 25 plus years ago, to review if [plaintiff was] to remain medium A[2] custody." *Id.* at 14. For the second time plaintiff was denied a reclassification, this time by defendants Hernandez and Gebremedhin. *See id.* at 15. Plaintiff was still "improperly housed" when he filed his complaint on August 31, 2018. *Id.* Plaintiff suffered "emotional, psychological, and mental injuries" from being improperly housed. *See id.* at 5.

On July 26, 2018, plaintiff "was returning back from yard activities . . . [and] noticed [defendant] Gebremedhin in the office." ECF No. 11 at 7. Plaintiff stopped at the office door and asked defendant Gebremedhin when he would get "moved to M yard since [plaintiff had] been on A yard for 114 days." *Id.* Defendant Gebremedhin replied, "after [plaintiff] sucks his dick." *Id.* Plaintiff left feeling afraid, and subsequently filed a complaint with the prison against defendant Gebremedhin for sexual harassment and retaliation. *Id.* The prison "partially granted" plaintiff's complaint request by reviewing information with Gebremedhin, but ultimately determined that he did not violate any policy. *See id.* at 8-9. Plaintiff attempted to appeal this decision, but his appeal was untimely. *See id.* at 15.

On September 29, 2018,[3] M yard S.G.T. Morales questioned plaintiff about his lawsuit, and plaintiff "refused to speak on the matter." *Id.* at 18. Morales responded, "watch yourself." *Id.* On October 4, 2018, plaintiff was completing his work duties when Morales subjected plaintiff to a search of his person. *Id.* During the search, Morales "grabbed and groped" plaintiff's testicles, and asked, in a joking manner: "What is that?" *Id.* On October 8, 2018, plaintiff lodged a "complaint for sexual misconduct against M yard S.G.T. Morales." *Id.* at 2. After lodging the complaint, plaintiff was removed from M yard for a medical examination and completion of the investigation into his allegations. *See id.* at 3. Plaintiff was returned to M yard on November 20, 2018. *Id.*

---

[2] We infer from context that medium A custody is part of level IV.
[3] It appears that at some point between filing his complaint on August 31, 2018, and this incident on September 29, 2018, plaintiff was moved to "M yard." *See* ECF No. 11 at 2.

## II. SCREENING AND PLEADING REQUIREMENTS

A district court must dismiss a case that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016) (quoting *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). However, the court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017) (quoting *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014)).

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet*, 137 S. Ct. 911, 916 (2017). To state a claim under 42 U.S.C. § 1983, a plaintiff must (1) allege the deprivation of a right secured by the U.S. Constitution and laws of the United States, and (2) show that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'"

*Preschooler II v. Clark Cty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

**III.  DISCUSSION**

Plaintiff's complaint and proposed amendments fail to allege any deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983. The level of security each inmate requires for housing in a prison is a matter of state law. Plaintiff alleges that defendant Gebremedhin used sexually harassing words against him. However, verbal harassment by a guard is not actionable under 1983. *See Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996); *see also Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004). Finally, plaintiff alleges that Morales groped him during a search. Plaintiff does not name Morales as a defendant in this case. Furthermore, it is unlikely that the incident with Morales is actionable under § 1983. Nonetheless, we will give plaintiff an opportunity to file an amended complaint and will share with him information about some of the claims that may be relevant to his case, should he choose to file.

**A.  Eighth Amendment**

Claims brought under the Eighth Amendment's prohibition against cruel and unusual punishment must be include allegations that the harm inflicted was—objectively—sufficiently serious, and that the defendant(s) acted—subjectively—with deliberate indifference to plaintiff's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Additionally, plaintiff is required by statute to show physical injury; mental or emotional injury is not adequate for an inmate to state a claim under the Eighth Amendment. *See* 42 U.S.C. § 1997e(e).

**1.  Conditions of Confinement**

The Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials take reasonable measures for the safety of inmates. *See Farmer*, 511 U.S. at 834. A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's safety. *See id.* at 834.

To satisfy the first prong, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *See id.* "The Constitution 'does not mandate

5

comfortable prisons.'" *Id.* at 832 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)). To satisfy the second prong, the official must know of and disregard an excessive risk to inmate safety. *See Farmer*, 511 U.S. at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *See id.*

### 2. Sexual Harassment

The Eighth Amendment protects inmates from harms that are objectively "sufficiently serious" committed by an official who subjectively had a "sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). To satisfy the objectively serious requirement, the alleged sexual assault must inflict pain. *See Jordan v. Gardner*, 986 F.2d 1521, 1525 (9th Cir. 1993). Minor, isolated incidents of touching, even if coupled with offensive sexual remarks, do not violate the Eighth Amendment. *See Boddie v. Schnieder*, 105 F.3d 857, 859-61 (2nd Cir. 1997); *see also Somers v. Thurman*, 109 F.3d 614, 622-23 (9th Cir. 1997). To satisfy the subjective requirement, plaintiff must show that defendant had a "malicious and sadistic" state of mind. *Schwenk v. Hartford*, 204 F.3d 1187, 1196-97 (9th Cir. 2000).

### B. Retaliation in Violation of the First Amendment

Retaliation by a state actor for a prisoner's exercise of a constitutional right is actionable under 42 U.S.C. § 1983 because retaliatory actions may chill individuals' exercise of constitutional rights. *See Perry v. Sindermann*, 408 U.S. 593, 597 (1972). In the prison context, a "viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Accordingly, a prisoner suing prison officials under § 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline. *See Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995).

## IV. CONCLUSION AND ORDER

We have screened plaintiff's complaint and find that it fails to state a cognizable claim against any defendant. Plaintiff may file an amended complaint if he wishes to proceed with this suit. As explained below, such an amended complaint would need to allege what each defendant did and why each defendant's actions violated plaintiff's constitutional rights. If plaintiff fails to amend his complaint within thirty days, we will issue findings and recommendations that plaintiff's complaint be dismissed for the reasons stated in this order.

Should plaintiff choose to amend the complaint,[4] the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what actions each named defendant took that deprived plaintiff of constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. *See id.* at 677. Plaintiff must allege that each defendant personally participated in the deprivation of his rights. *See Jones*, 297 F.3d at 934. Plaintiff should note that a short, concise statement in which the allegations are ordered chronologically will help the court identify his claims. Plaintiff should describe how each defendant wronged him, the circumstances surrounding each of the claimed violations, and any harm he suffered.

If plaintiff decides to file an amended complaint, the amended complaint will supersede the original complaint, *Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc), and the amended complaint must be complete on its face without reference to the prior, superseded pleading, *see* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff must assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer

---

[4] Plaintiff may not change the nature of this suit by adding new, unrelated claims or new, unrelated defendants in his amended complaint. *See* Fed. R. Civ. P. 18; *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . . .").

7

to the appropriate case number.

Accordingly, within thirty days from the date of service of this order, plaintiff must file a first amended complaint. Failure to comply with this order will result in the dismissal of this action.

IT IS SO ORDERED.

Dated: May 20, 2019

_____
UNITED STATES MAGISTRATE JUDGE

No. 204